# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

JOAQUIN M. MARTINEZ,

Plaintiff,

v.

ALLEN, Warden, et al.,

Defendants.

Case No.  21-CV-2106 JLS (BGS)

**ORDER (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND (2) DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**

(ECF No. 6)

On December 17, 2021, Petitioner Joaquin Martinez, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court. ECF No. 1.  The Court dismissed the action without prejudice and with leave to amend on January 2, 2022, because Petitioner had failed to either pay the filing fee or file a motion to proceed in forma pauperis and because he had failed to name a proper respondent.  ECF No. 3.  The Court granted Petitioner until March 7, 2022, to either pay the $5.00 filing fee or submit adequate proof of his inability to pay the fee and file a First Amended Petition that cured the pleading deficiencies outlined in the Court's Order.  On May 23, 2022, Petitioner filed an Amended Petition ("Am. Pet.," ECF No. 5) and a Motion to Proceed in Forma Pauperis (ECF No. 6).

1

**MOTION TO PROCEED IN FORMA PAUPERIS**

2       The Certificate of Funds in Prisoner's Account submitted by Petitioner shows the

3  average deposits for the last six months has been $0.00, the average balance in Petitioner's

4  account for the last six months has been $0.00, and he has $0.00 currently in his account.

5  ECF NO. 6 at 12.  Petitioner cannot afford the $5.00 filing fee.  Thus, the Court **GRANTS**

6  Petitioner's application to proceed in forma pauperis.  The Clerk of the Court shall file the

7  Petition for Writ of Habeas Corpus without prepayment of the filing fee.

8  **FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

9       Habeas petitioners who wish to challenge either their state court conviction or the

10  length of their confinement in state prison, must first exhaust state judicial remedies.  28

11  U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987).  To exhaust state

12  judicial remedies, a California state prisoner must present the California Supreme Court

13  with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas

14  petition.  28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34.  Moreover, to properly

15  exhaust state court remedies a petitioner must allege, in state court, how one or more of his

16  or her federal rights have been violated.  The Supreme Court in *Duncan v. Henry* reasoned:

17  "If state courts are to be given the opportunity to correct alleged violations of prisoners'

18  federal rights, they must surely be alerted to the fact that the prisoners are asserting claims

19  under the United States Constitution."  513 U.S. 364, 365–66 (1995).  For example, "[i]f a

20  habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him

21  [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must

22  say so, not only in federal court, but in state court."  *Id*. at 366.

23       Nowhere in the Petition does Petitioner allege that he raised his claims in the

24  California Supreme Court.  In fact, he specifically indicates he did not seek such review.

25  (*See* Am. Pet. at 6–9.)  If Petitioner has raised his claims in the California Supreme Court,

26  he must so specify.  "The burden of proving that a claim has been exhausted lies with the

27  petitioner."  *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *see also Date v. Schriro*,

28  ///

619 F. Supp. 2d 736, 761–62 (D. Ariz. 2008); *Stanley v. Ayers*, 2017 WL 2224815, at *3 (N.D. Cal. May 22, 2017) (citing *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997)).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D) (West 2006).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Petitioner's Motion to Proceed in Forma Pauperis (ECF No. 6) and **DISMISSES** this case without prejudice and with leave to amend.  If Petitioner wishes to proceed with this case, he must, **no later than August 1, 2022**, file a Second Amended Petition that cures the pleading deficiencies outlined in this Order.  The Clerk of the Court will mail Petitioner a blank Second Amended Petition Pursuant to 28 U.S.C. § 2254 form together with a copy of this Order.

**IT IS SO ORDERED**.

Dated:  June 10, 2022

Hon. Janis L. Sammartino
United States District Judge