# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN M. MARTINEZ,<br><br>                               Plaintiff,<br>v.<br>KATHLEEN ALLISON, Secretary, et al.,<br>                              Defendants. | Case No.  3:21-cv-02106-JLS-BGS<br><br>**ORDER:**<br><br>**(1) SUA SPONTE SUBSTITUTING RESPONDENT;**<br><br>**(2) REQUIRING RESPONSE TO PETITION (28 U.S.C. § 2254)** |

      On December 17, 2021, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court. (ECF No. 1.) On January 3, 2022, the Court dismissed the action without prejudice and with leave to amend because Petitioner had failed to either pay the filing fee or file a motion to proceed in forma pauperis and because he had failed to name a proper respondent. (ECF No. 3.) Petitioner was given until March 7, 2022, to either pay the $5.00 filing fee or submit adequate proof of his inability to pay the fee and file a First Amended Petition that cured the pleading deficiencies outlined in the Court's Order. (*Id.*)

      On May 23, 2022, Petitioner filed an Amended Petition ("Am. Pet.") and a Motion to Proceed in Forma Pauperis. (ECF Nos. 5–6.) On June 10, 2022, the Court granted Petitioner's Motion to Proceed in Forma Pauperis and dismissed the Petition without

prejudice because Petitioner had not alleged he had exhausted his state court remedies. (ECF No. 7.) Petitioner was given until August 1, 2022 to file a Second Amended Petition. (*Id*.) On July 14, 2022,[1] Petitioner constructively filed a Second Amended Petition ("SAP"). (ECF No. 8.)

As an initial matter, based on the return address on Petitioner's Second Amended Petition, it appears Petitioner is now housed at California State Prison, Sacramento. (*See* ECF No. 8 at 1.) A writ of habeas corpus acts upon the custodian of the state prisoner. *See* 28 U.S.C. § 2242; Rule 2(a), 28 U.S.C. foll. § 2254. Because Petitioner's place of custody has changed, so has his custodian. Accordingly, in order to conform with the requirements of Rule 2(a) of the Rules Governing § 2254 Cases and to avoid changing the Respondent again if Petitioner is transferred to another prison or paroled, the Court hereby *sua sponte* substitutes Kathleen Allison, Secretary of the California Department of Corrections and Rehabilitation, as Respondent in place of "Allen, Warden." *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (stating that the respondent in § 2254 proceedings may be the chief officer in charge of state penal institutions). The Clerk of Court is **ORDERED** to modify the docket to reflect "Kathleen Allison, Secretary" as respondent in place of "Allen, Warden**.**"

/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] Pursuant to the mailbox rule, the Court uses the date upon which the prisoner handed his document for filing to prison authorities as the filing date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a notice of appeal by a pro se prisoner is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of court); *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000) (applying *Houston* to federal habeas corpus petitions).

Further, upon review of the Petition and in accordance with Rule 4 of the rules governing petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, **IT IS ORDERED** that:

1. The Clerk of this Court must promptly (a) serve a copy of the Petition and a copy of this Order on the Attorney General for the State of California, or his authorized agent; and (b) serve a copy of this Order on Petitioner.

2. Respondent must file a "Notice of Appearance" **no later than October 17, 2022**.

3. If Respondent contends the Petition can be decided without the Court's reaching the merits of Petitioner's claims (*e.g.*, because Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, or that the Petition is barred by the statute of limitations, or that the Petition is subject to dismissal under Rule 9 of the Rules Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that Petitioner is not in custody), Respondent must file a motion to dismiss pursuant to Rule 4 of the Rules Governing § 2254 **no later than December 2, 2022**. The motion to dismiss must not address the merits of Petitioner's claims, but rather must address all grounds upon which Respondent contends dismissal without reaching the merits of Petitioner's claims is warranted. At the time the motion to dismiss is filed, Respondent must lodge with the Court all records bearing on Respondent's contention in this regard. A hearing date is not required for the motion to dismiss.

4. If Respondent files a motion to dismiss, Petitioner must file his opposition, if any, to the motion **no later than January 6, 2023**. At the time the opposition is filed, Petitioner must lodge with the Court any records not lodged by Respondent which Petitioner believes may be relevant to the Court's determination of the motion.

5. Respondent may file a reply to Petitioner's opposition to a motion to dismiss on or before **January 20, 2023**.

6. If Respondent does not contend that the Petition can be decided without the Court reaching the merits of Petitioner's claims, Respondent must file and serve an answer to the Petition, and a memorandum of points and authorities in support of such answer, pursuant

to Rule 5 of the Rules Governing § 2254 Cases **no later than December 2, 2022**. At the time the answer is filed, Respondent must lodge with the Court all records bearing on the merits of Petitioner's claims. The lodgments must be accompanied by a notice of lodgment which must be captioned "Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office." Respondent must not combine separate pleadings, orders or other items into a combined lodgment entry. Each item must be numbered separately and sequentially.

7. Petitioner may file a traverse to matters raised in the answer **no later than January 6, 2023**. Any traverse by Petitioner (a) must state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) must be limited to facts or arguments responsive to matters raised in the answer; and (c) must not raise new grounds for relief that were not asserted in the Petition. Grounds for relief withheld until the traverse will not be considered. No traverse can exceed ten (10) pages in length absent advance leave of Court for good cause shown.

8. A request by a party for an extension of time within which to file any of the pleadings required by this Order must be made at least seven (7) days in advance of the due date of the pleading, and the Court will grant such a request only upon a showing of good cause. Any such request must be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

9. Unless otherwise ordered by the Court, this case will be deemed submitted on the day following the date Respondent's reply to a motion to dismiss is due or Petitioner's traverse is due.

10. Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel). Any document delivered to the Court without a certificate of service will be returned to the submitting party and will be disregarded by the Court.

///

11. Petitioner must immediately notify the Court and counsel for Respondent of any change of Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.

**IT IS SO ORDERED.**

Dated: September 26, 2022

Hon. Bernard G. Skomal
United States Magistrate Judge