UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN M. MARTINEZ,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>　　　　　　　　　　Respondents. | Case No.:  21cv2106-JLS(LR)<br><br>**REPORT AND RECOMMENDATION FOR ORDER:**<br><br>**(1) GRANTING RESPONDENTS' MOTION TO DISMISS PETITIONER'S HABEAS CORPUS PETITION [ECF No. 20]**<br><br>**(2) DENYING PETITIONER'S MOTIONS TO APPOINT COUNSEL AND MOTION FOR EXTENSION OF TIME [ECF Nos. 17, 18, 19]** |

　　　This Report and Recommendation is submitted to United States District Judge Janis L. Sammartino pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California. Petitioner Joaquin M. Martinez, a state prisoner proceeding *pro se*, constructively filed a Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") on July 14, 2022, challenging his conviction for assault with a deadly

weapon.[1]  (See Second Am. Pet., ECF No. 8 ("SAP").)[2]  On January 27, 2023, Respondents filed a Motion to Dismiss the Petition, arguing that the Petition is untimely and unexhausted.  (See Resp't's Mot. to Dismiss, ECF No. 20.)  Petitioner filed a response to Respondents' Motion to Dismiss on February 17, 2023 (ECF No. 22) as well as two motions to appoint counsel (ECF Nos. 17, 19) and a motion for extension of time before Respondents' Motion to Dismiss was filed.  (ECF No. 18.)  For the reasons discussed below, the Court **RECOMMENDS** that District Judge Sammartino **GRANT** Respondents' Motion to Dismiss (ECF No. 20) and **DENY** Petitioner's other miscellaneous motions (ECF Nos. 17, 18, 19) without prejudice.

## I.     RELEVANT BACKGROUND

Petitioner pled guilty to assault with a deadly weapon in February of 2012.  (Lodgment 1 at 1-3.)  On March 15, 2012, pursuant to Petitioner's plea, the San Diego County Superior Court sentenced him to 12 years in prison, to run consecutively to a sentence that Petitioner was already serving.  (See id.; Lodgment 3; Lodgment 4 at 1.)  Petitioner did not appeal this conviction.  (SAP at 2-3; Mem. in Supp. of Resp'ts' Mot. to Dismiss, ECF No. 20-1 ("MTD") at 3 ("[Petitioner] did not appeal his conviction").)  Petitioner likewise did not file any state petitions for collateral relief related to this conviction.[3]

---

[1] Under the "mailbox rule," a *pro se* prisoner's habeas petition is constructively filed when he gives it to prison authorities for mailing.  See Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010).  A court generally deems a habeas petition filed on the day it is signed.  See Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).  This is because the Court assumes that the petitioner turned the petition over to prison authorities for mailing that day.  See Butler v. Long, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014).  Here, the Petition was signed on July 14, 2022, despite appearing on the Court's docket on August 22, 2022.  (See SAP at 15.)

[2] Throughout this Order and for ease of consistency and reference, the Court will cite to each document in the record using both the number assigned to the document and the page number automatically generated by its Case Management/Electronic Case File system ("ECF").

[3] Petitioner asserts his belief that he filed a habeas corpus petition in state court related to his conviction of assault with a deadly weapon.  (See SAP at 3-4.)  Respondents, however, note that they have not

2

Petitioner constructively filed his first Petition for Writ of Habeas Corpus in this Court related to his assault with a deadly weapon conviction on December 9, 2021.[4] (See ECF No. 1.) The Court dismissed that petition without prejudice and with leave to amend because Petitioner failed to pay the filing fee or move to proceed in forma pauperis. (See ECF No. 3.)

On May 13, 2022, Petitioner constructively filed a First Amended Petition for Writ of Habeas Corpus ("FAP"), along with a Motion to Proceed in Forma Pauperis. (See ECF Nos. 5 & 6.) The Court granted Petitioner's motion to proceed *in forma pauperis*, but dismissed the FAP without prejudice and without leave to amend because Petitioner had failed to allege that he had exhausted his state judicial remedies. (See ECF No. 7.)

Petitioner filed the instant Second Amended Petition on July 14, 2022, raising several grounds for relief, including: (1) his limited mental capacity; (2) newly discovered evidence; and (3) ineffective assistance of counsel. (See SAP at 6-10.) Additionally, before Respondents filed their Motion to Dismiss, Petitioner filed two motions for appointment of counsel (ECF Nos. 17 & 19) and a motion for an extension of time. (ECF No. 18.) Although difficult to read, each of these motions appear to argue that Petitioner has not been able to access the law library at the institution that he is housed in, and that his learning disability is preventing him from effectively litigating this action. (See, e.g., ECF No 17-1 (attaching exhibits related to Petitioner's education level and prison TABE score); ECF No 18 at 6-13 (attaching prison grievance forms related to

---

found a record of any such petition, believing that Petitioner may have confused the instant matter with another conviction that he did litigate in state court. (See MTD at 3 n.3.) The Court has independently checked the California Court of Appeal's website and has not been able to locate any petitions related to the instant conviction. See Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007) (noting that court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

[4] The Court applies the mailbox rule to construe the filing date of the previous petitions in this case as well. See Note 1, supra.

3

1  Petitioner's lack of access to the law library).)  Respondents filed their Motion to Dismiss
2  on January 27, 2023 (see ECF No. 20) and Petitioner filed a Response on February 15,
3  2023.  (ECF No. 22.)

## II. DISCUSSION

### A. Respondents' Motion to Dismiss

Respondents' Motion to Dismiss asserts that the Petition should be dismissed because it was filed well after the limitations period and is wholly unexhausted.  (See MTD at 2.)  Additionally, Respondents argue that Petitioner is neither entitled to a later start date of the statute of limitations, nor statutory or equitable tolling.  (See id. at 5-8.)  Therefore, Respondents contend that the Petition should be dismissed with prejudice.  (See id. at 8-10.)

Petitioner's Response—although difficult to understand—appears to argue that he should be entitled to equitable tolling under Bills v. Clark, 628 F.3d 1092 (9th Cir. 2010).  (See ECF No. 22 at 1.)  Additionally, Petitioner asserts that the prison where he is housed has not given him access to the law library or granted his requests for copies of his legal materials.  (See id. at 3.)

### 1. Applicable Law

A federal district court may not address a petition for writ of habeas corpus unless the petitioner has exhausted state remedies with respect to each of the issue(s) presented.  28 U.S.C. § 2254(b)(1)(A); Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005) ("We may review the merits of Petitioner's habeas petition only if he exhausted state court remedies").  Generally, to satisfy the exhaustion requirement, a petitioner must "'fairly present[]' his federal claim to the highest state court with jurisdiction to consider it," or "demonstrate[] that no state remedy remains available." Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996) (citing Anderson v. Harless, 459 U.S. 4, 6 (1982); Picard v. Connor, 404 U.S. 270, 275 (1971)).  A state prisoner seeking relief with respect to a California conviction is required to fairly present his federal claims to the California Supreme Court.  See Keating v. Hood, 133 F.3d 1240, 1242 (9th Cir. 1998).

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") sets forth a one-year limitation period for filing a federal habeas petition and specifies that the period runs from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The Court reviews the timeliness of each claim in a habeas corpus petition individually.  See Mardesich v. Cate, 668 F.3d 1164, 1171 (9th Cir. 2012).

AEDPA also includes a statutory tolling provision that suspends the limitation period while a properly filed application for postconviction or other collateral review is pending in state court.  § 2244(d)(2); see also Waldrip v. Hall, 548 F.3d 729, 734 (9th Cir. 2008).  An application is "pending" until it has achieved final resolution through the state's postconviction procedures.  See Carey v. Saffold, 536 U.S. 214, 220 (2002).  The limitations period is not tolled between the time a decision becomes final on direct state appeal and when a state collateral challenge is filed because no case is "pending" during that interval.  Thorson v. Palmer, 479 F.3d 643, 646 (9th Cir. 2007).

In addition to statutory tolling, equitable tolling of the one-year limitations period may be applied to federal habeas corpus petitions in appropriate cases.  See Holland v.

Florida, 560 U.S. 631, 645 (2010).  Determining whether equitable tolling is warranted is a fact-specific inquiry.  See Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001).  To apply equitable tolling, the petitioner must show (1) that he has pursued his rights diligently and (2) some extraordinary circumstance stood in his way and prevented timely filing.  See Holland, 560 U.S. at 649.  Additionally, "[t]he petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'"  Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010) (quoting Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)).  Equitable tolling is not available in most cases, and "the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule."  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (internal citation omitted).  For both statutory and equitable tolling, a petitioner bears the burden of demonstrating that AEDPA's limitation period should be tolled.  See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (discussing equitable tolling); Zepeda v. Walker, 581 F.3d 1013, 1019 (9th Cir. 2009) (discussing statutory tolling).

    **2.**    **Analysis**

        **a.**    **Exhaustion of state court remedies**

As noted above, a petitioner in state custody who wishes to collaterally challenge a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity with state court and gives the state court the initial opportunity to correct the state's alleged constitutional violations.  See Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).  Where none of the petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition.  See Raspberry v. Garcia, 448 F.3d 1150, 1155 (9th Cir. 2006).  A court may not hold a petition in abeyance, like it would be able to with a mixed petition containing both exhausted and unexhausted claims, when the petition contains no exhausted claims.  See id. at 1154.

Because Petitioner has not presented any of his claims in the instant Petition to the

California Supreme Court, see Section I, supra, the Court cannot proceed to the merits of those claims.  See, e.g., Uriostegui v. Foulk, No. 1:13–cv–00134–SKO–HC, 2013 WL 657879, at *4-5 (E.D. Cal. Feb. 22, 2013) (noting that a federal court cannot proceed to the merits of a habeas corpus petition if its grounds for relief have not been presented to the California Supreme Court).  Although this would be sufficient grounds to dismiss the instant Petition, the Court will nonetheless address Petitioner's other arguments related to the statute of limitations, as well as statutory and equitable tolling.

### b.   Calculating the limitations period

Petitioner was sentenced to twelve years in prison on March 15, 2012.  (See Lodgment 3.)  Because Petitioner did not file any appeal, his state conviction became final for the purposes of AEDPA 60 days later, on May 14, 2012.  See Cal. R. Ct. 8.308(a); Burton v. Stewart, 549 U.S. 147, 156–57 (2007) ("petitioner's AEDPA limitation period does not begin "until both his conviction and sentence '[become] final by the conclusion of direct review or the expiration of the time for seeking such review'" (emphasis in original) (quoting 28 U.S.C. § 2244(d)(1)(A))); Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006) (same).  Petitioner is therefore not entitled to a later limitations date under § 2244(d)(1)(A).

Petitioner is also not entitled to a later trigger date under § 2244(d)(1)(B).  Although Petitioner claims that the prison where he is housed is preventing him from accessing the law library and has not provided him with copies of documents that he has requested (see ECF No. 22 at 3), he does not explain how this is a state-created impediment imposed "in violation of the Constitution or laws of the United States."  § 2244(d)(1)(B); Shannon v. Newland, 410 F.3d 1083, 1088 n.4 (9th Cir. 2005) (noting that petitioner must explain how "impediment" violated constitution when it was imposed).  Even if these obstacles could be impediments for the purpose of § 2244(d)(1)(B), Petitioner makes no showing as to how he was prevented from filing his Petition, as these allegations only address conduct by prison officials that occurred in 2022—more than nine years after the statute of limitations expired.  (See ECF No. 18 at 6-13) (attaching

grievance forms related to copies dated in December of 2022). Petitioner is likewise not entitled to a later trigger date under § 2244(d)(1)(C), because he does not point to any constitutional right that has been newly recognized by the Supreme Court and made retroactively applicable to his case.

Nor is Petitioner entitled to a later trigger date under § 2244(d)(1)(D), which provides, in relevant part, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus . . . [t]he limitation period shall run from the latest of . . . the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). This later triggering date only applies when "vital facts could not have been known by the date the appellate process ended." Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir. 2012) (internal quotations and citation omitted). The "due diligence" clock starts ticking when the petitioner "knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered." Id. Each of the grounds asserted in the instant Petition concern events and factual predicates that either occurred before Petitioner's guilty plea, or that Petitioner fails to show could not have been discovered with the exercise of due diligence.

To the extent that Petitioner claims a later trigger date should apply due to newly discovered evidence related to his mental capacity, the documents that Petitioner cites in support of his alleged learning disability point to facts that he was or should have been of aware of since before his guilty plea in March of 2012—but were not obtained until 2015 at the earliest. (See, e.g., ECF No 17-1 at 3 (attaching a 2015 letter noting that Petitioner was part of a special education program in high school); ECF No. 19 at 7-11 (including declarations from other inmates attesting to Petitioner's incompetence dated in 2016).) Presumably, Petitioner would have known he had a learning disability when he entered his guilty plea in 2012 and could have accessed the information he needed to assert his claims of incompetency before the limitations period lapsed. The fact that Petitioner did not obtain the evidence related to his claims of mental incapacity until 2015 is irrelevant

to the Court's calculation of the limitations period.  See Hasan v. Galaza, 254 F.3d 1150, 1154-55 (9th Cir. 2001) (noting that the limitations period runs from the date the petitioner could have discovered the factual predicate of his claim through the exercise of due diligence, not from the date that the petitioner obtained evidentiary support for his claim); see also Earls v. Hernandez, 403 F. Supp. 2d 985, 989 (C.D. Cal. 2005) ("It is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running; the accrual of the statute of limitations does not await the collection of evidence which supports the facts.") (internal quotations omitted).

Additionally, Petitioner fails to show that the factual predicate for his ineffective assistance of counsel and new evidence claims could not have been discovered earlier with the exercise of due diligence.  The Petition asserts that Petitioner's counsel was ineffective in failing to present video evidence of fraud, which a witness has "firsthand knowledge" of.  (See SAP at 6.)  Petitioner does not state when he first discovered his counsel's failure to present the video evidence or the witness testimony which allegedly corroborated the fraud that he alleges.  Even assuming, however, that it was sometime after May of 2012—the date his conviction became final under § 2244(d)(1)(A)—nothing shows that he could not have discovered his counsel's alleged failure had he exercised due diligence.  See Ford, 683 F.3d at 1235 ("The 'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered.").  Indeed, Petitioner faults his attorney for failing to utilize the facts discovered in the video evidence—which Petitioner presumably knew about at the time of his guilty plea—to negotiate with prosecutors. (See SAP at 6.)

Accordingly, the AEDPA statute of limitations in this case began to run on May 15, 2012, the day after Petitioner's conviction became final, and expired one year later, on May 15, 2013.  See 28 U.S.C. § 2244(d)(1)(A); Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (the one-year AEDPA statute of limitations begins to run the day after the conviction becomes final); see also Espinoza v. Lopez, No. 1:10–cv–01211–JLT, 2012

WL 2995475, at *3 (E.D. Cal. July 23, 2012) (describing the anniversary method of calculating the statute of limitations under AEDPA). Unless Petitioner is entitled to statutory or equitable tolling, the Petition is more than eight years late.

### c. Statutory tolling

Under 28 U.S.C. § 2244(d)(2), the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002). State petitions will nevertheless only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the postconviction petition was timely or was filed within a reasonable time under state law. See Pace v. DiGuglielmo, 544 U.S. 408 (2005). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id. Petitioner is not entitled to statutory tolling because he did not file any state habeas petitions. See Section I, supra; see also Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (noting that Section 2244(d) does not allow for the re-initiation of the limitations period that ended before a state petition was filed).

### d. Equitable tolling

AEDPA's statute of limitations is subject to equitable tolling "in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010) (internal citations omitted). A petitioner is entitled to equitable tolling only when he shows: "(1) that he has been pursuing his claims diligently, and (2) that some extraordinary circumstance stood in his way," preventing timely filing of his petition. Pace, 544 U.S. at 418. The "threshold necessary to trigger equitable tolling (under AEDPA) is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Petitioner

10

21cv2106-JLS(LR)

bears the burden to show an entitlement to equitable tolling. See Zepeda v. Walker, 581 F.3d 1013, 1019 (9th Cir. 2009). Additionally, Petitioner must show that the alleged "extraordinary circumstances" were the "cause of his untimeliness." Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006), cert denied, 549 U.S. 1317 (2007) (brackets in original) (quoting Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)).

Petitioner argues that he has various mental impairments, including a learning disability, and specifically invokes Bills, 628 F.3d 1092 (9th Cir. 2010) in arguing that he should be allowed to file his Petition despite the expiration of the statute of limitations several years ago. (See, e.g., ECF No. 22 at 1 (citing Bills); ECF No. 19 at 3-12 (attaching records of Petitioner's enrollment in a special education program in high school as well as declarations by other inmates related to his capacity to litigate his claims).) Respondents contend that Petitioner's assertion of limited mental capacity is belied by his filing of motions for postconviction relief in both state and federal court related to another criminal proceeding while he "sat idle on the instant conviction." (MTD at 7-8 (citing another habeas corpus petition filed in federal court by Petitioner in June of 2013).)

Mental incompetence can represent an extraordinary circumstance and serve as a basis for equitable tolling under AEDPA in the Ninth Circuit. See Bills, 628 F.3d at 1100; Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003). Whether mental illness warrants tolling depends on whether the petitioner's mental illness during the relevant time "constituted the kind of extraordinary circumstances beyond his control, making filing impossible, for which equitable tolling is available." Laws, 351 F.3d at 922-23. The Ninth Circuit has explained that eligibility for equitable tolling due to mental impairment requires a petitioner to meet a two-part test:

> (1) *First*, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control [] by demonstrating the impairment was so severe that either
>
> (a) petitioner was unable rationally or factually to

>personally understand the need to timely file, or
>
>>(b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
>(2) *Second*, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance. []
>
>To reiterate: the "extraordinary circumstance" of mental impairment can cause an untimely habeas petition at different stages in the process of filing by preventing petitioner from understanding the need to file, effectuating a filing on his own, or finding and utilizing assistance to file. The "totality of the circumstances" inquiry in the second prong considers whether the petitioner's impairment was a but-for cause of any delay. Thus, a petitioner's mental impairment might justify equitable tolling if it interferes with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance the petitioner does secure. The petitioner therefore always remains accountable for diligence in pursuing his or her rights.

Bills, 628 F.3d at 1099-1100 (internal citations omitted). As a practical matter, to determine whether a petitioner is entitled to equitable tolling based on mental impairment, the Court must:

>(1) find the petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing; (2) determine, after considering the record, whether the petitioner satisfied his burden that he was in fact mentally impaired; (3) determine whether the petitioner's mental impairment made it impossible to timely file on his own; and (4) consider whether the circumstances demonstrate the petitioner was otherwise diligent in attempting to comply with the filing requirements.

Id. at 1098.

If the petition or record contains some evidence of a period of mental incompetency, courts have generally required further factual development of the record. See, e.g., Laws, 351 F.3d at 923-24 (discussing incompetency evaluations at the petitioner's trial); Sran v. Brazelton, No. 1:12–cv–01304 MJS HC, 2013 WL 1866955, at *6 (E.D. Cal. Apr. 17, 2013) (further factual development of the record required when the petitioner attached evidence that he had a learning disability since at least high school). On the other hand, where a petitioner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, equitable tolling is not applicable. See Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (concluding that it was not clear error to find equitable tolling inapplicable where petitioner failed to show causal connection between physical and mental disabilities and inability to timely file petition).

Petitioner has not made a non-frivolous showing of a severe mental impairment during the filing period that would entitle him to further opportunities to develop the record. To be sure, Petitioner presents several pieces of evidence related to his mental capacity, including a 2015 letter from his high school describing his enrollment in a special education program (ECF No. 17-1 at 3-9), declarations of other inmates regarding his mental capacity dated in 2016 (ECF No. 19 at 7-11), and a disability accommodation summary from a previous institution he was housed in describing his low Tests of Adult Basic Education ("TABE") score dated in 2017. (ECF No. 17-1 at 10.) These materials, however, are either dated multiple years before Petitioner's conviction became final (from Petitioner's high school years), or several years after the statute of limitations period had run for the purposes of AEDPA. Records that pre-date or post-date the 2012 to 2013 filing period at issue in this case do not sufficiently demonstrate that Petitioner's mental capacity prevented him from timely filing his habeas petition in federal court. See, e.g., Ontiveros v. Subia, No. 2:07–cv–1441 JAM DAD P, 2014 WL 6982139, at *4 (E.D. Cal. Dec. 10, 2014) (collecting cases and noting that evidence submitted related to the petitioner's mental capacity before and after, but not during the limitations period

were insufficient to demonstrate that he suffered from mental incapacity during the filing period).

Additionally, even assuming that Petitioner suffered from mental disabilities after the statute of limitations in this case had commenced such that he would be entitled to equitable tolling, Petitioner's filing of separate federal court actions in 2013 demonstrates that any such tolling would not rescue the present Petition from a statute of limitations bar. In other words, the filing of a separate habeas petition in federal court in June of 2013—just a month after the statute of limitations for Petitioner's conviction that is the subject of the instant Petition had expired—refutes any assertion that Petitioner was unable to file a federal petition until 2022, nearly nine years later. See Morales v. Covello, No. Cv 20-850-JLS(E), 2020 WL 4258647, at *5 (C.D. Cal. Apr. 14, 2020) (noting that the filing of federal petitions years before the petition subject to an equitable tolling argument had been filed refuted the petitioner's argument that mental disabilities kept him from timely filing), report and recommendation adopted, 2020 WL 5369412 (C.D. Cal. Sept. 6, 2020). Any possible equitable tolling therefore ended when Petitioner demonstrated that he could file federal actions in June of 2013.

Further still, any opportunity that the Court might be able to afford Petitioner in developing the record with regard to his mental capacity would not rescue the instant Petition. Even if Petitioner could demonstrate he suffered from a mental disability that prevented his filing of this action during the limitations period, he still has not exhausted his state court remedies. This Court cannot address a habeas petition unless the petitioner exhausts state remedies by presenting each issue in the federal petition to the California Supreme Court. See Section II.A.1., supra. Accordingly, the Court will recommend that Respondent's motion to dismiss is granted because the instant Petition is unexhausted. The Court additionally recommends that the Petition be dismissed without further leave to amend, but without prejudice to bring a new petition once Petitioner has exhausted his claims. Petitioner may once again raise his tolling arguments, including a request for

further development of the record, after he exhausts his remedies in state court.[5]

### 3. Conclusion

The instant Petition was filed over nine years after the statute of limitations expired, and Petitioner has failed to demonstrate that he is entitled to a later trigger date of the limitations period. Additionally, neither statutory nor equitable tolling are available to Petitioner based on the record before the Court. Petitioner did not file any state petitions that would entitle him to statutory tolling, and he has not made a non-frivolous argument that he should be entitled to equitable tolling based on mental incapacity. Although the Petition should be dismissed, the Court recognizes that Petitioner has presented some evidence of a learning disability that could require further development of the record in a federal petition once he has exhausted his state remedies. Accordingly, the Court **RECOMMENDS** that the Petition be dismissed without further leave to amend, but without prejudice to bring a new petition once Petitioner has exhausted his claims.

### B. Petitioner's Miscellaneous Motions

#### 1. Motions for appointment of counsel

Also before the Court are Petitioner's various motions for appointment of counsel. (ECF Nos. 17, 19, 22 at 3.) Petitioner argues in each of these motions that he is mentally disabled and cannot properly litigate this action without the aid of counsel. (See, e.g., ECF No. 17 at 2-3.) Furthermore, Petitioner argues that the institution where he is housed has not allowed him to access the law library in several months. (See id. at 3.)

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986).

---

[5] The Court expresses no opinion as to whether Petitioner will be procedurally barred from receiving a decision on the merits of his claims in state court. See Lopez v. Ndoh, Case No. CV 18-2245 MWF (PVC), 2020 WL 1894150, at *2 (C.D. Cal. Mar. 3, 2020) (citing Tamalini v. Stewart, 249 F.3d 895, 899 n.2 (9th Cir. 2001)) ("Petitioner may still have an available remedy by filing another habeas petition in the California Supreme Court exhausting [his claims], even though California's procedural rules may bar him from litigating those Grounds on the merits.").

1  Petitioners do not have an absolute right to counsel in habeas corpus actions.  See
2  Knaubert v. Goldsmith, 791 F.2d 722, 728 n.5 (9th Cir. 1986).  Despite this, however,
3  district courts have discretion to appoint counsel in habeas proceedings for "any person
4  financially unable to obtain adequate representation" when "the interests of justice so
5  require."  18 U.S.C. § 3006A(a)(2)(B); see also Chaney v. Lewis, 801 F.2d 1191, 1196
6  (9th Cir. 1986) ("Indigent state prisoners applying for habeas corpus relief are not entitled
7  to appointed counsel unless the circumstances of a particular case indicate that appointed
8  counsel is necessary to prevent due process violations.").  Appointing counsel is left to
9  the court's discretion unless an evidentiary hearing is necessary.  See Knaubert, 791 F.2d
10 at 729–30 (explaining that the interests of justice require appointment of counsel when a
11 court conducts an evidentiary hearing on a petition).  A court's discretion to appoint
12 counsel may be exercised only under "exceptional circumstances."  Terrell v. Brewer,
13 935 F.2d 1015, 1017 (9th Cir. 1991).  A "finding of exceptional circumstances requires
14 an evaluation of both the likelihood of success on the merits and the ability of the
15 petitioner to articulate his claims *pro se* in light of the complexity of the legal issues
16 involved.  Neither of these factors is dispositive and both must be viewed together before
17 reaching a decision."  Id.  (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.
18 1986) (internal quotation marks omitted)).

19        Petitioner has not demonstrated that exceptional circumstances exist such that he
20 should be appointed counsel at this juncture.  Because the Court has determined that any
21 opportunities for Petitioner to develop the record further would not rescue the Petition
22 due to Petitioner's failure to exhaust his state court remedies, an evidentiary hearing is
23 not warranted.  Nor is the Court persuaded that exercise of its discretion to appoint
24 counsel is appropriate at this time.  Even if the Court assumes that Petitioner could
25 demonstrate an inability to articulate his claims *pro se* because of a mental disability, the
26 instant Petition is unexhausted, refuting any argument regarding the likelihood of success
27 on the merits.  Accordingly, Petitioner has not shown that appointment of counsel would
28 be appropriate at this time.  While the court concludes that the motions for appointment

of counsel should be denied, the Court will **RECOMMEND** that they be denied without prejudice to Petitioner's renewal of a motion for appointment of counsel demonstrating a basis upon which appointment would be appropriate in the future.  See Bellows v. Borders, Case No. 2:19-cv-04386-JVS-MAA, 2019 WL 13321850, at *2 (C.D. Cal. Dec. 13, 2019) (denying motion for appointment of counsel without prejudice when the petitioner could demonstrate that appointment would be appropriate in the future).

### 2. Motion for extension of time

Petitioner separately requests that the Court grant him an extension of time to submit filings in this case due to his incarceration in a healthcare facility that does not allow his access to the law library.  (ECF No. 18 at 1-5.)  Because the Court has already determined that Petitioner's claims are unexhausted and should be dismissed, any extensions of time that the Court may be able to recommend would be futile.  Accordingly, the Court **RECOMMENDS** that Petitioner's motion for extension of time be denied without prejudice.

### III. CONCLUSION AND RECOMMENDATION

For the reasons stated above, **IT IS HEREBY RECOMMENDED** that District Judge Sammartino issue an Order: (1) adopting this Report and Recommendation; (2) granting Respondents' Motion to Dismiss (ECF No. 20); (3) dismissing the Petition without further leave to amend, but without prejudice to bring a new petition once Petitioner has exhausted his claims; and (4) denying Petitioner's miscellaneous motions (ECF Nos. 17, 18, 19) without prejudice.

**IT IS ORDERED** that no later than **June 30, 2023**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

/ / /
/ / /
/ / /
/ / /

**IT IS FURTHER ORDERED** that any reply to any objections shall be filed with the Court and served on all parties no later than **July 14, 2023**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated:  June 7, 2023

_____
Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge