UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN M. MARTINEZ,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>　　　　　　　　　　Respondents. | Case No.: 21-CV-2106 JLS (LR)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION; (2) GRANTING RESPONDENTS' MOTION TO DISMISS PETITIONER'S HABEAS CORPUS PETITION; (3) DENYING PETITIONER'S MOTIONS TO APPOINT COUNSEL; (4) DENYING PETITIONER'S MOTION FOR EXTENSION OF TIME; AND (5) DENYING PETITIONER A CERTIFICATE OF APPEALABILITY**<br><br>(ECF Nos. 17, 18, 19, 20, 23) |

　　　Presently before the Court is Petitioner Joaquin M. Martinez's ("Petitioner") Second Amended Petition for Writ of Habeas Corpus ("SAP," ECF No. 8), as well as Petitioner's Motion for Extension of Time (ECF No. 18) and two Motions to Appoint Counsel (ECF Nos. 17, 19). Respondent Kathleen Allison ("Respondent") filed a Motion to Dismiss the Petition for Writ of Habeas Corpus ("MTD," ECF No. 20), and Magistrate Judge Lupe Rodriguez, Jr. issued a Report and Recommendation ("R&R," ECF No. 23) advising the

Court to grant Respondent's MTD, dismiss the SAP without leave to amend, and deny Petitioner's Motions for Appointment of Counsel and for Extension of Time. R&R at 17. No Party filed objections to the R&R. Having considered the SAP, the Parties' briefing, Judge Rodriguez's R&R, and the law, the Court **ADOPTS** Judge Rodriguez's R&R in its entirety, **GRANTS** Respondent's MTD, **DISMISSES** the SAP, **DENIES** Petitioner's Motions for Appointment of Counsel, **DENIES** Petitioner's Motion for Extension of Time, and **DENIES** Petitioner a certificate of appealability ("COA").

## BACKGROUND

Judge Rodriguez's R&R contains an accurate recitation of the relevant background and evidence. *See* R&R at 2–4. This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's R&R. The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

No party filed timely objections to the R&R. *See* R&R at 17 (providing that any party may file objections on or before June 30, 2023). The Court therefore reviews the R&R for clear error.

As to Respondent's MTD, the R&R concludes that (1) Petitioner has not exhausted his state court remedies, R&R at 6–7; (2) Petitioner did not timely file the petition for writ

of habeas corpus and is not entitled to a later triggering date for the statute of limitations pursuant to 28 U.S.C. § 2244(d)(1), *id.* at 7–10; (3) Petitioner is not entitled to statutory tolling because he did not file any state habeas petitions, *id.* at 10; and (4) Petitioner is not entitled to equitable tolling because he has not shown "severe mental impairment during the filing period" and because Petitioner's filing of a separate habeas petition in June 2013 "refutes any assertion that Petitioner was unable to file a federal petition until" he filed the instant petition in 2022, *id.* at 10–15. Consequently, the R&R recommends that "the Petition be dismissed without further leave to amend, but without prejudice to bring a new petition once Petitioner has exhausted his claims." *Id.* at 15.

As to Petitioner's Motions for Appointment of Counsel, the R&R concludes that Petitioner "has not demonstrated that exceptional circumstances exist such that he should be appointed counsel at this juncture." *Id.* at 16–17. Accordingly, the R&R recommends that Petitioner's Motions for Appointment of Counsel "be denied without prejudice to Petitioner's renewal of a motion for appointment of counsel demonstrating a basis upon which appointment would be appropriate in the future." *Id.* at 17.

Finally, as to Petitioner's Motion for Extension of Time, the R&R concludes that, "[b]ecause the Court has . . . determined that Petitioner's claims are unexhausted and should be dismissed, any extensions of time that the Court may be able to recommend would be futile." *Id.* The R&R therefore recommends that Petitioner's Motion for Extension of Time be denied without prejudice. *Id.*

The Court finds no clear error in the R&R. Accordingly, the Court **ADOPTS** the R&R; **GRANTS** Respondent's MTD; **DISMISSES WITH PREJUDICE** Petitioner's SAP, but without prejudice to bring a new petition after Petitioner has exhausted his claims; **DENIES WITHOUT PREJUDICE** Plaintiff's Motions to Appoint Counsel; and **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Extension of Time.

## CERTIFICATE OF APPEALABILITY

The Court also is obliged to determine whether to issue a COA in this proceeding. A COA is authorized "if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Because the Court finds that no reasonable jurist would find it debatable whether the Court was correct in its determination that Petitioner is not entitled to federal habeas corpus relief, the questions presented by the Petition do not warrant further proceedings. Accordingly, the Court **DENIES** a COA.

## CONCLUSION

In light of the foregoing, the Court **ADOPTS** the R&R (ECF No. 23); **GRANTS** Respondent's Motion to Dismiss (ECF No. 20); **DISMISSES WITH PREJUDICE** Petitioner's SAP (ECF No. 8), but without prejudice to bring a new petition after Petitioner has exhausted his claims; **DENIES WITHOUT PREJUDICE** Plaintiff's Motions to Appoint Counsel (ECF Nos. 17, 19); and **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Extension of Time (ECF No. 18). The Court further **DENIES** a Certificate of Appealability. The Clerk of the Court **SHALL ENTER** Judgment dismissing the Second Amended Petition and **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: July 31, 2023

Hon. Janis L. Sammartino
United States District Judge